IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSTY LEE HILLIARD, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-CV-1057-D (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Rusty Hilliard, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition without prejudice for failure to exhaust state remedies.

I.

Petitioner pleaded guilty to driving while intoxicated, third or more, and, on December 3, 2012, the court sentenced him to six years in prison. *State of Texas v. Rusty Lee Hilliard*, No. 12F0711-005 (5th Dist. Ct., Bowie County, Tex., Dec. 11, 2012). On August 12, 2014, Petitioner was released to parole. On February 10, 2016, Petitioner's parole was revoked.

On November 18, 2016, Petitioner filed a state habeas petition. *Ex parte Hilliard*, No. 86,493-01. On March 22, 2017, the Court of Criminal Appeals dismissed the petition as noncompliant.

Petitioner also filed a time credit resolution dispute with the TDCJ Classification and Records Office.[1] His claim was denied on March 14, 2017. (ECF No. 12-1 at 4.)

Petitioner does not challenge his conviction, but instead challenges his time credits. Petitioner contends he is entitled to 476 days of credit for time he spent in custody under a pre-revocation warrant. Respondent filed an answer stating that no pre-revocation warrant was issued, and that the time in question was credited to other offenses. Respondent also argues the petition is unexhausted and barred by the statute of limitations.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims, in a procedurally proper manner, to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A federal habeas petition that contains

---

[1] Petitioner states he filed his time resolution form on January 18, 2017, and includes a copy of his form. (ECF No. 15 at 11.) Respondent states his time resolution form was received on March 6, 2017. (ECF No. 12-1 at 4.)

unexhausted claims cannot be granted. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

To exhaust his time credit claims, Petitioner was required to comply with § 501.0081 of the Texas Government Code. That statute provides:

>   (a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
>   (b) Except as provided by Subsection (c), an inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
>   > (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>   >
>   > (2) if the inmate has not received a written decision described in Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
>   (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

Tex. Gov't Code Ann. § 501.0081 (West 2017).

Petitioner argues he exhausted his claims under § 501.0081(b)(2) because he filed his state habeas petition 180 days after he first challenged his time credits

3

by filing grievances with the prison, and by sending letters to the Board of Pardons and Paroles which were forwarded to the Classification and Records Office. (*See* ECF No. 15 at 6-7 and 9-30.)  Filing prison grievances or letters, however, did not start the 180 days for receiving a time credit dispute decision.[2] Instead, Petitioner was required to file a time credit dispute resolution form with the Classification and Records Office. *See* § 501.0081; *Nunnelley v. Stephens*, 2015 WL 7566237, at *1 (N.D. Tex. Nov. 4, 2015), *rec. adopted*, 2015 WL 7571826 (N.D. Tex. Nov. 23, 2015); *Hawkins v. Quarterman*, 2007 WL 1828069, at *2 (N.D. Tex. June 26, 2007), *aff'd*, 283 F. App'x 292 (5th Cir. 2008).

Petitioner states he filed his time credit dispute resolution form with the Classification and Records Office on January 18, 2017, (ECF No. 15 at 11), which was after the date he filed his state habeas petition. Because Petitioner filed his state habeas petition before he filed his time credit resolution claim, the Court of Criminal appeals dismissed the habeas petition as noncompliant and did not consider the merits of Petitioner's claims. (ECF No. 14 at 1.)

Petitioner also claims he exhausted his state remedies under § 501.0081(c) because he filed his state habeas petition when he was within 180 days of his presumptive parole date, date of release on mandatory supervision, or

---

[2] In response to Petitioner's grievances, prison officials informed Petitioner they had no jurisdiction over his time-credit claims, and that he was required to file his claims with the Classification and Records Office. *See* ECF No. 15 at 9-10, 14, 16, 18, 24, 26, 28, 30.

4

date of discharge. Petitioner, however, did not receive time credit for the time he spent on parole because he had not served at least half of his sentence at the time he was revoked. *See* TEX. GOV'T CODE § 508.238(a); (ECF No. 12-1 at 4.) He therefore was not within 180 days of his discharge date at the time he filed his state habeas petition. Additionally, Petitioner has failed to show he was eligible for release to parole or mandatory supervised release within 180 days of the date he filed his state habeas petition. Petitioner therefore failed to exhaust his state remedies.[3]

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

---

[3] The Court finds dismissal on exhaustion is appropriate and therefore declines to address Respondent's claims that the petition is also barred by the statute of limitations and without merit.

Signed June 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The Court directs the United States District Clerk to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).